**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ALBERT HERNANDEZ**                                                                     **PLAINTIFF**
**ADC #65214**

v.                          **CASE NO. 5:11CV00061 BSM/HDY**

**CORRECTIONAL MEDICAL SERVICES et al.**                              **DEFENDANTS**

## ORDER

Plaintiff Albert Hernandez, currently incarcerated at the Diagnostic Unit of the Arkansas Department of Correction, filed a *pro se* complaint [Doc. No. 2] pursuant to 42 U.S.C. § 1983 along with an application for leave to proceed *in forma pauperis*. [Doc. No. 1]. Because Hernandez is not entitled to *in forma pauperis* status, however, his complaint must be dismissed.

Under the three-strikes provision of the Prison Ligation Reform Act ("PLRA"), a prisoner's *in forma pauperis* action must be dismissed, *sua sponte* or upon motion, if it is determined that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit Court of Appeals has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001).

Hernandez concedes in his complaint that he has accumulated three strikes. Indeed, his status as a three striker has been recognized in other recent cases in this district. *See Hernandez v. Minor et al.*, 5:10CV100; *Hernandez v. Correctional Medical Services Inc. et al.*, 5:10CV241; *Hernandez v. Correctional Medical Services et al.*, 5:10CV340; *Hernandez v. Golden et al.*, 5:11CV75. Hernandez also claims that he is in imminent danger of serious physical injury. Based on the allegations of his present complaint, however, it does not appear that Hernandez is in such danger. Specifically, Hernandez has advanced a lengthy list of mostly medically-related complaints, which largely occurred years ago. It appears that the only claims relating to 2011 are Hernandez's allegations that his legal work was confiscated in February 2011, [Doc. No. 2, at 41-42] and that he was restrained in a chair for five hours on March 8, 2011. [Doc. No. 3, at 3]. Because these allegations do not describe imminent danger of serious physical injury, Hernandez's complaint must be dismissed under the three-strikes provision.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. No. 1] is DENIED, and his complaint is DISMISSED WITHOUT PREJUDICE. Should plaintiff wish to continue this case, he must submit the statutory filing fee of $350 to the clerk's office, noting the above-styled case number, within thirty (30) days of the date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. It is additionally certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

*pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

    DATED this 21st day of April, 2011.

                                                                                                   _____
                                                                                                 UNITED STATED DISTRICT JUDGE